```
                              FILED
                         U.S. DISTRICT COURT
                        EASTERN DISTRICT OF LA

                         2000 MAY -5  P 12: 00

                         LORETTA G. WHYTE
                              CLERK
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERIC PATRICK | * | CIVIL ACTION |
| VERSUS | * | NO. 00-129 |
| PATRICIA SINGLETON, ET AL. | * | SECTION "N" |

ORDER TO SHOW CAUSE

On February 15, 2000, Plaintiff Eric Patrick filed a "Motion and Order to Stipulate to Damages." The Court filed the Order unsigned because it cannot "order" that a claim will not exceed the jurisdictional amount. Nonetheless, the Court inferred that Plaintiff wished to have his case remanded to state court for lack of subject matter jurisdiction. The Court ordered Plaintiff to file a motion to remand that complied with Fifth Circuit precedent.

Plaintiff has not filed such an order; however, the Court has reviewed the Petition and the Notice of Removal and has serious doubts whether it has jurisdiction over this case. It is not "facially apparent" from the Petition that the claims are likely above $75,000, and the Defendant has not set forth "facts in controversy . . . that support a finding of the requisite amount." *See* Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999) (removing defendant may satisfy burden of proof in either of these two manners). Defendant merely alleges in the Notice of Removal that "plaintiff counsel indicates that the amount in controversy exceeds the federal jurisdictional amount," an allegation that is controverted by Plaintiff's attempt to stipulate to a lesser value.

DATE OF ENTRY

MAY 5 2000

Although the Court had expressed a desire that Plaintiff's counsel file a proper Motion to Remand, the Court is, nevertheless, under an independent obligation to ensure that it has jurisdiction in every case before it. *See* <u>Simon</u>, 193 F.3d at 850. ("[A] party may neither consent to nor waive federal subject matter jurisdiction. Federal courts may examine the basis of jurisdiction *sua sponte*, even on appeal."). Accordingly,

IT IS ORDERED that Defendant American International Group Insurance Company SHOW CAUSE by May 17, 2000 why this case should not be REMANDED for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 7 day of May, 2000.

_____
EDITH BROWN CLEMENT
UNITED STATES DISTRICT JUDGE